## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 11 2015, 9:55 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

R. Patrick Magrath
Laura Raiman
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aaron M. Taylor, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 11, 2015 <br><br> Court of Appeals Case No. 03A01-1410-CR-439 <br><br> Appeal from the Bartholomew Circuit Court. <br> The Honorable Stephen R. Heimann, Judge. <br> Cause Nos. 03C01-1306-FB-3400 <br> 03C01-1306-FB-3401 |

**Baker, Judge.**

[1]	Aaron Taylor appeals the trial court's revocation of his probation. He argues that the trial court erred when it ordered the remainder of his suspended sentence to be executed. Finding no error, we affirm.

## Facts

[2]	On November 2, 2009, Taylor pleaded guilty to class B felony burglary and receiving stolen property.[1] On December 1, 2009, the trial court sentenced Taylor to fifteen years with eight years suspended for the burglary conviction and imposed a two-and-one-half-year suspended sentence for the receiving stolen property conviction. The two sentences were to be served consecutively.

[3]	On or about March 30, 2013, Taylor was released from prison. He was admitted to the Bartholomew County Community Corrections Program to serve probation. On June 17, 2013, the State filed a petition to revoke probation, alleging that Taylor had committed class D felony domestic battery and class A misdemeanor domestic battery. On October 22, 2013, the State filed an amended petition to revoke probation because Taylor had tested positive for Suboxone, a controlled substance, and had failed to pay his court ordered costs and fees.

[4]	On September 15, 2014, the trial court held a hearing. At the hearing, Taylor admitted that he had violated the terms of his probation by using Suboxone and

---

[1] Taylor was charged with burglary under cause number 03C01-1306-FB-3400. He was charged with receiving stolen property under cause number 03C01-1306-FB-3401.

failing to complete substance abuse treatment courses. He testified that he was sorry for his behavior, that his use of Suboxone had been a relapse into addiction, and that he knew that he needed substance abuse treatment. In addition, Taylor's probation officer testified that Taylor had "done okay on probation," and indicated that she did not recommend placing Taylor back in prison. Tr. p. 6.

[5] At the conclusion of the hearing, the trial court took note of Taylor's drug problem. The trial court ordered Taylor to serve the remaining eight years of his sentence at the Department of Correction (DOC), but also recommended that Taylor be placed in a therapeutic community while serving his time at the DOC. The trial court stated that it would "maintain jurisdiction over this case to potentially modify [Taylor's] sentence . . . to modify [Taylor] back out of the Department of Corrections [sic] upon [Taylor's] successful completion of [a] therapeutic community." *Id.* at 25. Taylor now appeals.

## Discussion and Decision

[6] Taylor argues that the trial court erred when it revoked his probation and executed the remainder of his suspended sentence. The decision to revoke probation is within the sole discretion of the trial court. *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). On appeal, we review that decision for an abuse of discretion. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). We consider only the evidence most favorable to the judgment without reweighing the evidence or judging the credibility of the witnesses. *Id.* If we find there is

substantial evidence of probative value to support the trial court's decision that a defendant violated the terms of his probation, this Court will affirm the trial court's decision to revoke probation. *Id.* at 639-40.

[7] Taylor argues that the trial court erred in imposing the "most extreme sanction available." Appellant's Br. p. 6. He admits that he has suffered from serious drug abuse and that he had relapsed several times. However, he argues that he has persevered and has still managed to better himself by obtaining his GED and maintaining regular employment. In support of his argument, he points to the testimony of his probation officer, who did not recommend that he be returned to the DOC. Tr. p. 8. He also points out that the attorney for the State stated that "it appears [Taylor's] probation officer is willing to work with him and give him the opportunity to attempt to rehabilitate himself outside of a penal facility perhaps one last time." *Id.* p. 24. Therefore, Taylor argues that all parties agreed that he should not be returned to the DOC and contends that the trial court should have placed him on work release rather than executing the remainder of his sentence.

[8] However, evidence at the probation hearing showed that Taylor had been unsuccessful in his attempts to rehabilitate himself. Taylor's own testimony revealed that he had relapsed several times. *Id.* at 15, 17. He admitted that he had violated the terms of his probation and that he had used Suboxone. *Id.* at 6. In addition, while the State did recognize that Taylor's probation officer was willing to work with him, she also told the trial court that Taylor was "near the

point that perhaps he's in need of treatment that can best be provided at a penal facility." Tr. p. 24.

[9] Furthermore, the trial court was clearly mindful of Taylor's substance abuse problem. After looking at the evidence, including Taylor's admission that he had failed to complete a substance abuse program and had relapsed, the trial court recommended that he be placed in a therapeutic community at the DOC. *Id.* at 25. In addition, the trial court maintained jurisdiction of the case so that it might monitor Taylor's progress in a therapeutic community and consider modification in the future. *Id.*

[10] As noted above, if we find there is substantial evidence of probative value to support the trial court's decision that a defendant violated the terms of his probation, we will affirm the trial court's decision to revoke probation. *Woods*, 892 N.E.2d at 639-40. Here, in light of the evidence and Taylor's concession that he did violate his probation, we find that there was substantial evidence of probative value to support the trial court's determination that Taylor violated his probation.

[11] The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.